Jeffery J. Carlson (SBN: 60752)
CarlsonJ@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
Carlson & Messer LLP
5959 West Century Blvd., Suite 1214
Los Angeles, California 90045
t: (310) 242-2200
f: (310) 242-2222

Attorneys for Defendant
Creditors Financial Group, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD SHORTRIDGE,<br><br>           Plaintiff,<br><br>vs.<br><br>CREDITORS FINANCIAL GROUP, LLC,<br><br>           Defendant. | Case no.<br><br>**NOTICE OF REMOVAL** |

**TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Creditors Financial Group, LLC hereby files this Notice of Removal under 28 U.S.C. §1446(a).

**A.   Introduction**

1.   This case was initially filed on March 15, 2013 in the Superior Court of California, County of El Dorado, no. SLC20130045.

2.   On March 27, 2013, Defendant was personally served with Plaintiff's Summons and Complaint.

3.   As Defendant received Plaintiff's Complaint on March 27, 2013, Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b)), and as

1                                                                NOTICE OF REMOVAL

07478.00/193926

extended via Federal Rule of Civil Procedure 6. See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1996).

**B.   Basis for Removal**

4.   Removal is proper because Plaintiff's Complaint involves a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-60 (6th Cir. 2000). Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. § 1692, et seq., for alleged violation of the Fair Debt Collection Practices Act.

5.   Plaintiff's state law claims for alleged violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq., arise from a common nucleus of operative facts and form the same case and controversy. The Court may assume Supplemental Jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a).

6.   All pleadings, process, orders, and other filings in the state court action are attached to this notice as Exhibit "A".

7.   Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

8.   Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

**C.   Jury Demand**

9.   Plaintiff demanded a trial by jury in the state court action. Defendant demands a trial by jury.

**D.   Conclusion**

10.   Defendant respectfully request removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

Dated:   April 24, 2013          **Carlson & Messer LLP**

                                 By:   /s/ Keith A. Yeomans
                                 
                                 Keith A. Yeomans
                                 
                                 Attorneys for Defendant
                                 Creditors Financial Group, LLC

# EXHIBIT A

3/27/13
AP 2:00

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CREDITORS FINANCIAL GROUP, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHAD SHORTRIDGE

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

MAR 15 2013

EL DORADO CO. SUPERIOR COURT
BY Y. Ruiz
(DEPUTY CLERK)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of El Dorado
1354 Johnson Blvd.
South Lake Tahoe, CA 96150

**CASE NUMBER:** *(Número del Caso):* SCL20130045

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: MAR 15 2013          Clerk, by Y. Ruiz                , Deputy
*(Fecha)*                  *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] Issued

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: CREDITORS FINANCIAL GROUP, LLC
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 03-27-13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
Attorneys for Plaintiffs

**FILED**
MAR 15 2013
EL DORADO CO. SUPERIOR COURT
BY _____Y. Ruiz_____
(DEPUTY CLERK)
Assigned to Judge
STEVEN C. BAILEY

MAR 1 5 2013

FOR ALL PURPOSES

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF EL DORADO
LIMITED JURISDICTION

CHAD SHORTRIDGE,

Plaintiff,

vs.

CREDITORS FINANCIAL GROUP, LLC,

Defendant.

)
) Case No. SCL20130045
)
) COMPLAINT FOR VIOLATION
) OF ROSENTHAL FAIR DEBT
) COLLECTION PRACTICES ACT AND
) FEDERAL FAIR DEBT COLLECTION
) PRACTICES ACT
)
) (Amount not to exceed $10,000)
)
)   1. Violation of Rosenthal Fair Debt
)      Collection Practices Act
)   2. Violation of Fair Debt Collection
)      Practices Act
)
)

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2.  Plaintiff, CHAD SHORTRIDGE ("Plaintiff"), is a natural person residing in El Dorado county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.  At all relevant times herein, Defendant, CREDITORS FINANCIAL GROUP, LLC. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt originally owed to Bank of America which stemmed from primarily personal, family and household use.

5.  On or about July 12, 2012 at approximately 8:33am, Plaintiff received a call from Defendant. Defendant's call appeared as a "blocked" number on Plaintiff's cellular phone.

6.  Plaintiff answered the call and was advised that the call was from the Defendant and that the call was being recorded.

7.  Plaintiff quickly informed Defendant that he was at work, about to step into a business meeting and was not able to discuss the alleged debt at that time.

Complaint - 2

8. Despite being aware that Plaintiff could not speak, Defendant continued to try and discuss the debt with Plaintiff, including demanding that Plaintiff make a payment immediately.

9. Plaintiff again told Defendant that he could not speak at the moment, but would be interested in resolving the debt via a payment plan, but needed a week or so to review his family's finances.

10. In response to this, Defendant falsely informed Plaintiff that Defendant had made numerous attempts to contact Plaintiff previously; that Plaintiff should not need to go home to review his finances but should know them immediately; that Defendant had all of Plaintiff's financial information in front of him; and that Plaintiff had no interest in resolving the account if he did not make a payment immediately.

11. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

    b) Engaging in conduct the natural consequence is the abuse or harassment of Plaintiff (§1692d); and

    c) Engaging in false and/or deceptive practices in the connection with the collection of a debt (§1692e(10)).

12. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages;
    C. Costs and reasonable attorney's fees; and,
    D. For such other and further relief as may be just and proper.

### PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

Respectfully submitted this March 12, 2013

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752, Darin Shaw, Esq. SBN 251037<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Chad Shortridge | **FILED**<br>MAR 15 2013<br>EL DORADO CO. SUPERIOR COURT<br>BY  Y. Ruiz<br>(DEPUTY CLERK) |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF El Dorado<br>STREET ADDRESS: 1354 Johnson Blvd.<br>MAILING ADDRESS: Same as above<br>CITY AND ZIP CODE: South Lake Tahoe, CA 96150<br>BRANCH NAME: South Lake Tahoe Branch | |
| CASE NAME: Chad Shortridge v. Creditors Financial Group, LLC | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SCL20130045 |
|---|---|---|
| ☐ Unlimited   ☑ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Steven C. Bailey<br>DEPT: 4 |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☑ Other non-PI/PD/WD tort (35)
   
   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)
   
   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)
   
   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)
   
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 12, 2013

Todd M. Friedman
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

```
        SUPERIOR COURT OF THE STATE OF CALIFORNIA
                     COUNTY OF EL DORADO
                       1354 Johnson Blvd.
                  South Lake Tahoe, CA. 96150
           (530)573-3076        Fax (530)544-6535
```

**FILED**
MAR 15 2013
EL DORADO CO. SUPERIOR COURT
BY _____Y. Ruiz_____
(DEPUTY CLERK)

CASE NO. SCL 20130045

             Plaintiff,
CHAD SHORTRIDGE
vs.
             Defendant.
CREDITORS FINANCIAL GROUP LLC

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE
(Local Rule 7.12.05 and .09)

NOTICE IS HEREBY GIVEN that Case Management and Settlement Conference authority is delegated to STEPHEN B.R. KELLER, Judge Pro Tem. A challenge to a judge pro tem on the basis of non-agreement must be made within 30 days after notice of delegation or be deemed waived.

NOTICE IS HEREBY GIVEN that a CASE MANAGEMENT CONFERENCE in the above entitled case is set for 9:00 on 06/10/13, in Department 11, 1354 Johnson Blvd, Suite 2, South Lake Tahoe, California.

A Case Management Statement must be filed and served not less than 15 court days before the Conference.

If a party is demanding a jury trial, pursuant to Civil Code of Procedure section 631(b), a non-refundable jury fee of $150.00 must be deposited with the court on or before the initial Case Management Conference date in this action. Failure to timely deposit the funds will result in a waiver of a jury trial.

At the CASE MANAGEMENT CONFERENCE you will be assigned a Dispute Resolution Conference Date, a Mandatory Settlement Conference Date, and a Trial Date. In lieu of a Dispute Resolution Conference, the parties may elect mediation, binding arbitration, or judicial arbitration.

In addition, the court may make orders (1)establishing a discovery plan, (2)scheduling the exchange of information and discovery, and/or (3)scheduling dates for concluding Law and Motion.

The Court will require full compliance of El Dorado County Local Rules, in particular, the rules governing Trial Court Case Management (rule 7.12.00, etc.).

You must be prepared to discuss all matters and dates which are the subjects of the Case Management Conference. Telephonic court appearances are provided through CourtCall to the Court. To make arrangements to appear by telephone, please call the Program Administrator with CourtCall, at (888) 882-6878 at least five (5) court days prior to the conference.

CMC                                                                                      Rev 10/19/12

CLERK'S CERTIFICATE OF SERVICE
I declare under penalty of perjury that I am over the age of 18 and not a party to the above action; that a copy of NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE was placed for mailing through either the United State Post Office or Inter-Departmental mail on the parties at the address shown herein.
Executed on 03/15/13, in South Lake Tahoe, California.

Delivered to:

TODD M. FRIEDMAN
369 S. DOHENY DR.
#415
BEVERLY HILLS CA 90211


Tania Ugrin-Capobianco, Court Executive Officer

By: _____V. Ruiz_____
               Deputy Clerk